We'll hear the next case, which raises a similar issue, Simmons v. United States. Good morning, Your Honor. Morning. Stephanie Carvin for Tyrone Simmons. Yes, Your Honor, this case does raise a similar issue, but it's not the sole issue in this case. Mr. Simmons is challenging his conviction under 924c. He pled guilty. The predicate offense to 924c was a Hobbs Act robbery conspiracy, although the government argues that attempted Hobbs Act robbery also was the basis for the underlying conviction. I think the record demonstrates otherwise, and I do want to go into that in detail. However, before I do that, I'd like to address what could perhaps be called the legal elephant in the room, and that's this Court's decision, recent decision, in United And in DeSardes, as here, the appellant argued that his 924c conviction, based on Hobbs Act robbery conspiracy, was invalid, should be vacated by this Court. This Court agreed that there was plain error in that case. There was error, and it was plain, but denied Mr. DeSardes relief based on the third prong of the plain error test, which is whether or not there was a violation of his substantial rights. That decision in DeSardes was based on the Supreme Court's decision in United States v. Benitez, which in turn was based on the Supreme Court's decision in United States v. Vaughn. So Vaughn is sort of the beginning of this line of thinking. In Vaughn, the Supreme Court addressed the question whether or not there should be a plain error standard at all applied to Rule 11 hearings. Rule 11H talks about harmless error, but it doesn't talk about plain error. So in Vaughn, the Supreme Court said, yes, there is a plain error standard for violations of Rule 11. In Dominguez-Benitez, the Supreme Court defined what that is. And in Dominguez-Benitez, the Supreme Court came up with the substantial violation of substantial rights being equivalent to a defendant demonstrating that there's a reasonable probability that but for the error, he wouldn't have entered a plea. And in the context of Vaughn and Dominguez-Benitez, where the claim was a technical violation of Rule 11, that made perfect sense. But this court, I would respectfully suggest, improperly imported that standard in Dessard. When a defendant has pled guilty and been found guilty of conduct that doesn't constitute a violation of the statute that he is convicted of, that is a violation of the defendant's substantial rights. So I think that aspect of the court's decision in Dessard is just incorrect. There's another factor that distinguishes this case significantly from Dessard, and that is Dessard did not argue, and this court did not address the question whether or not the government's attempting to substitute one predicate offense for another predicate offense after the fact is a violation of the government's plea agreement. Mr. Simmons entered into a plea agreement with the government. The plea agreement specifically said that the underlying basis for the 924C conviction was Hobbs Act robbery conspiracy. During the Rule 11 hearing, the government said the underlying basis for the 924C conviction was the Hobbs Act robbery conspiracy. When outlining the elements of the offense, the Assistant United States Attorney talked about the elements being Hobbs Act robbery conspiracy as the basis. There was, of course, an account for attempted Hobbs Act robbery. He pled guilty to that. I mean, it's part of the record. A 924C conviction doesn't require the defendant to be convicted or even charged of the predicate crime, and here he pled guilty to the alternative predicate. Why isn't that enough? Well, because, Your Honor, that violates the plea agreement. All the time the government offers defendants different pleas from what's charged in the charging document. I give the example in the brief. But how is it a violation of the plea agreement if he pled guilty to attempted Hobbs Act robbery? Because the plea agreement specifies. This isn't a case, there are some cases where it says that the defendant is pleading guilty to an underlying crime of violence. The plea agreement specified what that underlying crime of violence was. It was Hobbs Act robbery conspiracy. As I said, that was what was said during the Rule 11 hearing. It's the elements that were told to the defendant. It's the elements that were recited by the government. A plea agreement has to have significance. Essentially, what Dussard's furthest reaches would lead to, and respectfully, I think, Your Honor's question, is that the plea agreement doesn't have a significance as long as the defendant could have been found guilty of that crime. He didn't plead guilty to that crime. I could say during a plea allecution. You seem to acknowledge that Dussard, though, in your view, wrongly decided, forecloses the argument you're making here. It forecloses the first part of the argument, Your Honor, which is whether or not this court is applying the correct standard. I would suggest that this court could, if the three members of the panel agreed, that that was the improper standard in the context of somebody who is not claiming a technical Rule 11 violation, but that he's been convicted of a crime he didn't commit, that this court could circulate a decision to all the active members of the court saying that Dussard was wrongly decided and deciding this case differently. I understand that's a stretch, but there's another argument here that wasn't made in Dussard, which is that this is a violation of the plea agreement, and what is the outer reaches of what the government can do? I could say during a plea elocution, I'm guilty of anything, but if the plea agreement with the government says I'm pleading guilty to certain offenses, those are the offenses that I'm pleading guilty to. To permit defendant to be found guilty based solely on what he says in the plea elocution or what the record might demonstrate completely turns the idea of plea bargaining on its head. I give the example that if I plead guilty, I'm charged with 21 U.S.C. 841 B1A as a 10-year mandatory minimum. I plead guilty pursuant to a plea agreement with the government to B1C, which has no mandatory minimum, but I say during the Rule 11 hearing that I distributed a kilogram or more of heroin. I don't believe that this court would permit the government to argue as it's arguing here that I had been convicted of B1A and therefore should be subjected to a 10-year mandatory minimum. The plea agreement has significance. It says what he is pleading guilty to, and the basis for the 924C plea in this case, as specified in the plea agreement, said during the Rule 11 hearing was the Hobbs Act robbery conspiracy, not attempted Hobbs Act robbery. Just to briefly get into the attempted Hobbs Act robbery, the panel obviously has heard good argument on that this morning. I'm not going to repeat that. I will just say, I'm not going to repeat it much. I just want to say, first of all, that's not dispositive in this case. You still have to answer the question, what did he plead guilty to? So, for example, if this court were to decide that attempted Hobbs Act robbery is in fact a crime of violence sufficient to support a 924C conviction, you would still have to answer that other issue, which is what was the plea to here. I would just say in terms of the government's argument in the previous case, which I may or may not hear repeated here, the cases that the government relied on Thrower and the several other cases the government talked about from this court were interpreting New York state law. What is attempt? What's attempted robbery in whatever degree under New York state law, which has a very different definition. It's not a substantial step. It's essentially a more liberal to defendant standard, which essentially requires a defendant to commit every act necessary other than the last act for completion. Under our standard, as the Fourth Circuit said very clearly in United States v. Taylor, it's a substantial step. The government always cites as, well, they should. It's certainly appropriate for this to consider the other circuits that have heard this issue, decided the issue, which are Ingram, Sanuber, and Dominguez. I would say that Dominguez, and I agree that in Ingram and Sanuber, there is no analysis. There is no application of the categorical approach. In Dominguez, I would say the judge who has the better of the argument there, and the one that I believe is adopted in Taylor, and I believe this court should adopt, was the defense judge, the dissent Judge Wynn, who gives the example of a defendant who goes, who buys a mask, who buys handcuffs, who buys the guns, who gets to the scene of the robbery, sees the police there, and leaves. He has made an attempt to commit a Hobbs Act robbery, but he has not used, attempted to use, or threatened to use physical force. That is the standard. As an element of this offense, must the defendant use, attempt to use, or threaten to use physical force. So, while I agree that this court can hold this decision until that issue, the attempted Hobbs Act robbery is decided by this court. Mr. Simmons is serving a 21-year sentence for essentially the conduct or components of the same conduct on state charges. There is no time element here, but ultimately this court will have to decide that other issue, which is, what did Mr. Simmons plead guilty to? And I say, and I think that the record proves that he pled guilty to attempted, to conspiracy to commit Hobbs Act robbery, not attempted Hobbs Act robbery, is the underlying basis for the 924C conviction. All right, thank you. We'll hear from the government. You have some time for rebuttal. May it please the court, my name is Robert Sobelman. I represent the United States on this appeal and in the district court below. Dussard is dispositive on both of the arguments that Ms. Carlin was making. She conceded, it appears, that the first argument was taken care of by Dussard, but Dussard also decided the plea agreement issue in a context that was actually a closer question than the one that we confront in this case. And as this court well knows, Dussard is controlling authority on this panel. The court would have to go and bank in order to revisit Dussard's holding. In Dussard, which was a direct appeal reviewing for plain error, unlike the hideous context this case is in, which of course requires a higher showing by the defendant, the court concluded that the error predicating Dussard's section 924C conviction on the attempted Hobbs Act robbery conspiracy did not affect his substantial rights because the charging instrument also alleged a narcotics trafficking conspiracy. Now, in Dussard, the defendant actually didn't plead guilty to that narcotics trafficking conspiracy, and it wasn't listed as a predicate in the plea agreement. Here, the attempted Hobbs Act robbery predicate also wasn't listed in the plea agreement, and I'll talk about that a little more in a moment, but the defendant, of course, did actually plead guilty to it. The court doesn't have to look to the whole record or to Shepard documents or any other type of material to determine whether the defendant was actually guilty of the still valid predicate. May I ask you a question? Yes, your honor. What if the, and it's just obviously a practical question, if a panel, the McCoy panel, I guess a few panels that I may be on, if the initial panel rules against you, what do we do? We lose the appeal. Okay. If attempted Hobbs Act robbery is not a crime of violence, then there's nothing left. There's nothing left for us to do. Okay. Yes, your honor. Okay. Do we need to address this first issue? No, your honor. Your honors do not have to address whether or not he pled guilty because there would be no remaining valid predicate. Right. Okay. Thank you, your honor. Of course, the defendant did not argue below that we violated the plea agreement. And it's a baseless allegation. The defendant can't point to any particular provision of the plea agreement that the government has violated or that binds the government in some way on this appeal. It's no violation to argue that the defendant can't undo the plea that he agreed to on a 2255 based on a crime that he actually pled guilty to. And frankly, Dusard decides that issue. Dusard says the court is not going to prohibit the government from making that argument simply because the plea agreement happened to only list one of the predicates where the charging instrument listed two. There was no bargain here that involved listing one predicate versus listing two predicates. It's simply the way it was listed in the plea agreement. It's not a term that binds either party. And in any event here, Simmons has to show, assuming attempted Hobbs Act robbery is a crime of violence, that he wouldn't have pled guilty had he known that Hobbs Act robbery conspiracy was not a crime of violence. That's what he needs to show in order to get relief. And he hasn't alleged any facts or provided any evidence that that would have happened had he known that. Unless the court has other questions, we will rest on our brief. I thank you for your attention. Ms. Carvelan, rebuttal? Yes, Your Honor. First of all, it's the government, not Mr. Simmons, who's attempting to undo the plea agreement. The plea agreement says, it's right there for the court to read and everybody else to read, that the basis for the 924C conviction is Hobbs Act robbery conspiracy. The government can't just assert outside of the record that that has no significance. Clients frequently are willing to plead guilty to one predicate offense and not another predicate offense as the basis for a 924C, even though he admitted that he committed attempted Hobbs Act robbery. And again, there has to be some limitation on the government's ability to substitute post fact one predicate offense for another predicate offense. They agreed to that predicate offense and they are now attempting to get around that agreement. And that does distinguish this case from Dussard. Yes, it is true that in Dussard, the plea agreement did not recite the narcotics conspiracy as a basis for the 924C. And this court nevertheless found that because the narcotics conspiracy could have been the basis for a 924C conviction, that they would not vacate Dussard's conviction. But the plea agreement issue was not argued before the circuit. I've looked at the briefs in the case. It's not mentioned in the court's decision. It wasn't an argument that was made. The argument that was made is the third prong of the plain error test violation of substantial rights was not met because Mr. Dussard couldn't show or the record didn't demonstrate that he wouldn't have entered his plea. That again, your honors, at some point in my legal career, I would like to persuade a panel of this court that that standard does not apply in the context where an appellant is claiming that he's been convicted of a crime that he didn't commit. It makes total sense in the context of an assertion that there's been a technical violation of Rule 11. If you're going to send it back to the district court, the exact same thing's going to happen if the defendant would enter a plea anyway. There's been no violation of a substantial right. How can a court say that a conviction for something that is no longer a crime is not a violation of a substantial right? I would suggest that Dussard is just plain wrong in that respect, respectfully. Thank you both. The court will reserve decision.